PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JERRILYNN R. RINGER, ) | |
| ) | CASE NO. 5:16CV764 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Resolving ECF No. 19] |

An Administrative Law Judge ("ALJ") denied Plaintiff Jerrilynn R. Ringer's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits after a hearing. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge George J. Limbert for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report (ECF No. 18) recommending that the decision of the Commissioner be affirmed as supported by substantial evidence. Plaintiff objected to the Report and Recommendation. ECF No. 19. Defendant filed a Response. ECF No. 20. For the reasons that follow, the Court overrules Plaintiff's objections, adopts the magistrate judge's Report, affirms the Commissioner's decision and dismisses Plaintiff's case in its entirety, with prejudice.

(5:16CV764)

## I. Standard of Review

When a magistrate judge submits a Report and Recommendation, a court is required to conduct a *de novo* review of the portions of the Report to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections to the Report must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 522–23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th

(5:16CV764)

Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers [*sic*] can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The claimant's impairment must prevent her from doing her previous work, as well as any other work existing in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). Under 42 U.S.C. § 1381, disabled individuals who meet certain income and resources requirements are entitled to SSI benefits. *See also* 20 C.F.R. §§ 416.1100, 416.1201.

(5:16CV764)

## II. Discussion

Plaintiff objects to the magistrate judge's finding that remand pursuant to Sentence Six of 42 U.S.C. § 405(g) is not warranted. Plaintiff's application for DIB and SSI claim was denied initially and upon reconsideration. ECF No. 18 at PageID #: 1099. On March 19, 2015, after a hearing, the ALJ issued a decision denying Plaintiff's claims. *Id*. The decision became final when the Appeals Council denied Plaintiff's request for review. Plaintiff was without medical insurance throughout the pendency of her administrative claim, but later obtained Medicare coverage. After obtaining a referral from her primary care physician, Plaintiff visited Dr. Paul T. Scheatzle, D.O., who conducted a Functional Capacity Evaluation ("FCE") and drafted a report of his findings on August 19, 2015. ECF No. 19-1. Plaintiff filed suit in this Court on March 28, 2016, seeking review of the ALJ's decision. She argues that the case should be remanded so that the ALJ can consider Dr. Scheatzle's FCE findings. ECF No. 19.

"It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405." *Oliver v. Sec'y of Health & Human Serv.*, 804 F.2d 964, 966 (6th Cir. 1986). A remand under Sentence Six requires the plaintiff to show that the evidence is both new and material, and that she had good cause for failing to introduce the evidence to the ALJ. 42 U.S.C. § 405(g); *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). Courts "are not free to dispense with these statutory requirements." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 486 (6th Cir. 2006) (citing *Melkonyan v. Sullivan*, 501 U.S. 89 (1991)).

(5:16CV764)

## A. New Evidence

Plaintiff first objects to the magistrate judge's finding that Dr. Scheatzle's FCE does not constitute new evidence. Plaintiff argues that it would have been unreasonable for Dr. Gamaliel Batalla, who last saw her on November 16, 2011, to prepare an opinion regarding Plaintiff's physical restrictions three years later. ECF No. 19 at PageID #: 1128. Plaintiff also alleges that Dr. Benjamin Swisher refused to issue an opinion report. *Id.* at PageID #: 1129.

Evidence is "new" only if it did not exist or was unavailable to Plaintiff at the time of the administrative proceeding. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Plaintiff has not demonstrated that her evidence was new. Although Dr. Scheatzle's opinion did not exist at the time of the administrative proceeding, as it was not prepared until five months after the ALJ issued his decision, such an opinion was not "unavailable" to Plaintiff. That Dr. Batalla or Dr. Swisher were unwilling to perform the evaluation is not the issue—Plaintiff's contact with these doctors demonstrates that she had the ability to seek out medical professionals whom could perform the evaluation.[1] Furthermore, Plaintiff was represented by counsel throughout the administrative proceeding, and was aware of her burden to submit evidence of her disability. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a).

---

[1] Although Dr. Batalla had not seen her in three years, Plaintiff could have revisited him for an up-to-date evaluation. Plaintiff also contends that Dr. Swisher refused to conduct the evaluation, but she does not explain why he declined, other than to cite her counsel's supplemental declaration. ECF No. 19-2 at PageID #: 1136. The declaration does not mention Dr. Swisher, her purported efforts to contact him, or his alleged refusal to conduct the examination.

5

(5:16CV764)

Plaintiff also argues that the evidence is new because she could not previously afford to go to the doctor, citing *McKnight v. Sullivan*, 927 F.2d 941, 942 (6th Cir. 1990) in support of her argument that courts must consider a claimant's ability to pay. *McKnight*'s holding is more limited than Plaintiff suggests. McKnight initiated a benefits claim, arguing that his glaucoma, chronic hemorrhoids, hypertension, and arthritis prevented him from working. *Id.* at 242. The *McKnight* ALJ determined that the plaintiff was not disabled because his conditions could be fixed by surgery. *Id.* The Sixth Circuit determined that this finding ignored the plaintiff's ability to afford the necessary surgery, and that because he had no means to pay for treatment, "the condition that is disabling in fact continues to be disabling in law." *Id.* at 243 (citing *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987)). *McKnight* is limited to a claimant's ability to pay in the context of establishing severe impairment, and did not address whether a claimant's ability to pay justified remand under Sentence Six. Accordingly, it is inapplicable in this case.

Finally, although Plaintiff does not have much money, she did have sufficient funds to seek out medical treatment and legal counsel. Permitting additional evidence in this case would allow claimants to "have it both ways," pursuing medical treatment without regard to their burden of production during the administrative claim, but also having the opportunity to correct the record as their leisure after having lost. That Plaintiff did not prioritize seeking out an evaluation that might have aided her case during the administrative claim does not justify reopening the claim now.

For these reasons, the Court finds that Plaintiff's evidence was not "new" within the meaning of the statute.

(5:16CV764)

## B. Materiality of the Evidence

Even if Plaintiff's evidence were new, remand would still be inappropriate, as the evidence is not material. To demonstrate materiality, a plaintiff must show that "there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

Dr. Scheatzle's report is immaterial for several reasons. First, because Dr. Scheatzle conducted his evaluation five months after the ALJ's decision, his report does not speak to Plaintiff's disability during the July 11, 2014 to March 19, 2015 period before the ALJ. Second, Dr. Scheatzle's report is largely cumulative of Plaintiff's prior medical evidence, making it unlikely that the Secretary would have reached a different result even if presented with Dr. Scheatzle's report. Dr. Scheatzle opined that Plaintiff was limited to lifting 10 pounds occasionally and 0 pounds frequently; walking occasionally up to 150 feet with a walker; standing occasionally and sitting frequently with change of positions every 30 minutes; no climbing, crawling, or combined bending and twisting; and no use of her left leg or foot. ECF No. 19-1. Dr. Scheatzle also concluded that Plaintiff was "permanently, totally disabled." *Id.* at PageID #: 1133. Dr. Scheatzle's conclusions regarding Plaintiff's limitations are similar to those of Dr. Batalla, who initially diagnosed Plaintiff with Complex Regional Pain Syndrome, ECF No. 11 at PageID #: 582, or Dr. Randy Plona, who opined that Plaintiff could perform sedentary work with the use of a four-prong walker for periods of ambulation and standing, *id.* at PageID #: 808.

7

(5:16CV764)

Finally, the ALJ's residual functional capacity finding adopted many of the same limitations recommended by Dr. Scheatzle, and it is unlikely that the ALJ would have reached a different disposition even with the report. For instance, like Dr. Scheatzle, the ALJ limited Plaintiff to sedentary work, use of an assistive device for periods of standing and walking, no operation of foot controls with her left foot, and no climbing of ladders, ropes, or scaffolds. The addition of Dr. Scheatzle's opinion would have added little to the ALJ's finding. *Id.* at PageID #: 77. Furthermore, although Dr. Scheatzle opined that Plaintiff was "permanently, totally disabled," a finding of disability is an issue reserved for the Commissioner. 20 C.F.R. §§ 404.1512(a), 416.912(a); *see also Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).

Plaintiff argues that, if read in conjunction with the vocational expert's ("VE's") testimony, Dr. Scheatzle's report would change the outcome of her claim. ECF No. 19 at PageID #: 1129. Plaintiff contends that Dr. Scheatzle's finding that Plaintiff could not use her left leg, combined with the VE's testimony that a hypothetical person who had to sit with her left leg elevated more than 18 inches would not be able to find competitive work, ECF No. 11 at PageID #: 135, would change the ALJ's finding. Plaintiff's conclusion is not as obvious as she suggests. It is not clear that "no use of the left leg or foot" necessitates the finding that it must be elevated at all times. In fact, Dr. Scheatzle noted that Plaintiff could "sit frequently with change of positions every thirty minutes," and did not note that Plaintiff's foot needed to be elevated. Therefore, even when read in conjunction with the VE's testimony, Dr. Scheatzle's report does not create a reasonable probability that the ALJ would have reached a different conclusion.

For these reasons, the Court finds that Dr. Scheatzle's report is not material.

8

### C. Good Cause

Finally, even if Plaintiff's evidence were new and material, Plaintiff has not demonstrated good cause to permit the submission of Dr. Scheatzle's report at this time. Good cause is satisfied when a plaintiff demonstrates a reasonable justification for failing to present the evidence to the ALJ. *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 725 (6th Cir. 2012).

As evidence of good cause, Plaintiff again argues that she did not have the funds to obtain Dr. Scheatzle's report. Plaintiff cites *Malec v. Comm'r of Soc. Sec.*, No. 13CV626, 2014 WL 66493 (N.D. Ohio 2014), in which the magistrate judge remanded the case for the submission of additional evidence of plaintiff's back surgery because there was no evidence that her surgery could have been performed at an earlier date. The *Malec* court, however, specifically distinguished Malec's back surgery from a regular doctor's evaluation, like the one Plaintiff seeks to enter into evidence, stating, "[a]s opposed to an evaluation that can be done at the request of a patient, Malec's back surgery is a medical procedure that must be justified and ordered by a doctor. Scheduling of a such a procedure is also generally outside the control of the patient, as it was here in Malec's case." *Malec*, 2014 WL 66493, at *9.

A closer parallel to the instant case is *Walton v. Astrue*, 773 F. Supp. 2d 742, 753 (N.D. Ohio 2011), in which the court rejected the claimant's argument that "prior to the hearing, there had been significant periods of time when [he] did not have the finances or health coverage to obtain medical care." *Walton*, 773 F. Supp. 2d at 754. The *Walton* court reasoned that the claimant's "limited finances and lack of health insurance does not excuse his failure to timely either acquire or present the evidence to the ALJ. [The claimant] was represented by counsel

(5:16CV764)

during the administrative hearing before the ALJ and, overall, the record does not reflect the factors that would distinguish him from the majority of near destitute claimants who timely submit medical evidence." *Id.* (citing *Grant v. Astrue*, No. 2:07-CV-344, 2008 WL 4059*777, at *5 (S.D. Ohio Aug. 26, 2008)).

Plaintiff offers no reason why her case is distinguishable from *Walton*, or "the majority of near destitute claimants who timely submit medical evidence." For these reasons, the Court finds that Plaintiff has not demonstrated good cause.

### III. Conclusion

Finding no basis for remand, the Court overrules Plaintiff's objection, adopts the magistrate judge's Report, affirms the Commissioner's decision, and dismisses Plaintiff's case in its entirety, with prejudice.

IT IS SO ORDERED.

| June 30, 2017 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |